IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RALPH EDWARD WESTER,
        Plaintiff,

vs.                                          Case No. 5:05cv160/SPM/EMT

WILLIE RAINES, et al.,
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court on Plaintiff's third amended civil rights complaint filed pursuant to 42 U.S.C. § 1983[1] (Doc. 31). Leave to proceed in forma pauperis has been granted (Doc. 9).

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).

---

[1] The court construes Plaintiff's complaint as brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Bivens recognized a private right of action for money damages against federal actors that engaged in alleged violations of the Constitution or laws of the United States. 403 U.S. at 397, 91 S. Ct. at 2005.

The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11thCir. 1997). Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

At all times relevant to his complaint, Plaintiff was an inmate housed at the Federal Correctional Institution in Marianna, Florida (FCI). He names seven Defendants in this action: FCI Warden James Barron and former Warden Monica Wetzel; FCI unit managers Eddie Snell and Don Bart; FCI unit counselor Willie Raines; R.E. Holt, the southeast regional Administrative Remedy Coordinator for the Bureau of Prisons (BOP); and Harry Lappin, the Administrative Remedy Coordinator for the BOP (Doc. 31 at 1–2).

Plaintiff states that he is a non-smoker with asthma and that he was exposed to high levels of second-hand smoke while housed at FCI Marianna (*id.* at 7). He contends that Defendants Holt, Lappin, Barron, and Wetzel are responsible because they "intentionally violated" the BOP Policy Statement 1640.03[2] "enacted by the director of the BOP under § 551.160" (*id.*). Plaintiff states that according to policy, designated smoking areas were to be outside of buildings and away from entrances (*id.*). Despite this, inmates at FCI Marianna were permitted to smoke in the front entrances of units, the commissary entrance, the dining hall entrance, the leisure and law library entrance, the chapel entrance, the UNICOR entrance and break area, the medical entrance, and the entrance to the gym and leisure recreation area (*id.*). FCI Marianna mounted ash trays and electric lighters in these designated areas (*id.*). Further, smoking was allowed on the sidewalks, and inmates were not punished for smoking inside non-smoking units (*id.*). During the time Plaintiff was incarcerated at FCI Marianna, from January 28, 1998 through September 2004, he was forced to inhale second-hand smoke in all of these places (*id.*). Plaintiff states that Defendants Raines, Snell, and Bart are liable because they intentionally and deliberately allowed inmates to smoke in non-

---

[2]Plaintiff has listed program statement 1640.03, but the court notes that the correct program statement number is 1640.04 § 551.160 (*see* http://www.bop.gov/DataSource/execute/dsPolicyLoc).

Case No.: 5:05cv160/SPM/EMT

smoking areas (*id.*). When Plaintiff complained to these Defendants that inmates were smoking in non-smoking areas, they "required that Plaintiff become and informant and tell officers every time he saw someone smoking" (*id.*).

Plaintiff claims that his exposure to high levels of second-hand smoke while housed at FCI Marianna violated the Eighth Amendment, because he has a right to be free of unreasonably high levels of second-hand smoke (*id.* at 8). Next, Plaintiff claims that his First Amendment rights were violated, because he has a right to express himself without being exposed to the risks involved with second-hand smoke (*id.*). As relief, Plaintiff seeks $10,000,000.00 in punitive and compensatory damages from the BOP and $10,000.00 from each Defendant (*id.*).

Initially, as Plaintiff was previously advised (*see* Doc. 26 at 4–5), his First Amendment claim is frivolous and subject to dismissal. While the First Amendment generally prevents the government from proscribing speech because of disapproval of the ideas expressed, R.A.V. v. St. Paul, 505 U.S. 377, 382, 112 S. Ct. 2538, 2542, 120 L. Ed. 2d 305 (1992), it does not require the government to provide smoke-free spaces in which prisoners can express themselves. Plaintiff has not alleged, nor do the facts suggest, that any of the Defendants restricted the content of his speech, his use of common areas, or his ability to speak. Instead, Plaintiff has alleged only that Defendants, through their policies, denied his "right to express himself" in a non-smoking environment. Indeed, Plaintiff admits that he spent many hours each week in the designated smoking areas. Even if Plaintiff spent less time in these social areas than he would have without the smoke, Plaintiff has failed to state a cognizable claim based on violation of the First Amendment. The First Amendment prohibits governmental restraint on speech, not self-imposed restraint. *See* Leathers v. Medlock, 499 U.S. 439, 449, 111 S. Ct. 1438, 1444–45, 113 L. Ed. 2d 494 (1991) ("The constitutional right of free expression is . . . intended to remove governmental restraints from the arena of public discussion, putting the decision as to what views shall be voiced largely into the hands of each of us . . . in the belief that no other approach would comport with the premise of individual dignity and choice upon which our political system rests.") (quoting Cohen v. California, 403 U.S. 15, 24 (1971)) (omissions in original). Therefore, Plaintiff's First Amendment claim is subject to dismissal.

Plaintiff's Eighth Amendment claim is also subject to dismissal. As Plaintiff was previously advised (*see* Doc. 26 at 5–10), the Eighth Amendment requires, at the minimum, that all claims

Case No.: 5:05cv160/SPM/EMT

challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571–72 (11th Cir. 1985). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347.

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions:

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). The objective prong is concerned with both the "severity" and the "duration" of the prisoner's exposure to the alleged unconstitutional condition. *Id.* at 1295. "[M]ere discomfort, without more, does not offend the Eighth Amendment." *Id.*

The second part of the two-part analysis is the "subjective component":

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard

is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S. Ct. at 1982–83.

Chandler, 379 F.3d at 1289–90.

The Eleventh Circuit has recently addressed an Eighth Amendment claim based on exposure to second-hand smoke. Relying on the decision of the Supreme Court in Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993), the Eleventh Circuit found that a prisoner can state a cause of action by "'alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health.'" Kelley v. Hicks, 400 F.3d 1282, 1284 (11thCir. 2005) (citing Helling, 509 U.S. at 35). Regarding the objective factor, the prisoner must show he is personally being exposed to unreasonably high second-hand smoke levels, and the court may consider whether he remains housed in the offending environment and whether the prison has enacted a formal smoking policy. *Id.* The objective factor further considers:

> a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS . . . [and] also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.

Helling, 509 U.S. at 36. Regarding the subjective factor, as noted above, Plaintiff must demonstrate that prison authorities were "deliberately indifferent" to his plight. *Id.* If the institution has adopted a smoking policy, this "will bear heavily on the inquiry into deliberate indifference." *Id.*

Plaintiff has not alleged sufficient facts to satisfy the objective component of Eighth Amendment analysis. Plaintiff alleges he was housed at FCI from January 28, 1998 to September

2004 (Doc. 31 at 7) and has identified numerous areas within the prison where he was subjected to ETS, including the front entrance of his housing unit, the commissary entrance, the dining hall entrance, the leisure and law library entrance, the chapel entrance, the UNICOR entrance and break area, the medical entrance, sidewalks, and the entrance to the gym and leisure recreation area. Plaintiff additionally alleges that inmates smoked in non-smoking units. However, Plaintiff has not alleged any facts indicating how much, or how often inmates smoked inside his particular housing unit in violation of the non-smoking policy. Plaintiff has alleged only that inmates "were not punished on a regular basis if at all" for smoking in non-smoking units (*see id.*). In addition, all but one of the areas of which Plaintiff complains are outdoors, and Plaintiff has failed to establish how smoking in those areas could expose him to unreasonably high second-hand smoke levels or place him at a risk, so grave, that it would violate contemporary standards of decency to expose anyone unwillingly to such a risk. Indeed, exposure to second-hand smoke is an ordinary consequence of everyday life for non-prisoners, as office buildings, restaurants, and other public facilities often have designated smoking areas at or near their entrance. *Compare* Oliver v. Deen, 77 F.3d 156, 158 (7th Cir.1996) (holding that passive tobacco exposure was not a serious threat to an inmate who had a smoking cellmate for 133 days, even though the plaintiff suffered from mild asthma) *with* Helling, 509 U.S. at 35 (concluding that prisoner stated claim where he was forced to share cell with a five-pack-per-day smoker) *and* Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997) (threat to future health existed where inmate was "required to live and work in 'environments filled with tobacco smoke'").

      Additionally, Plaintiff has not established any injury to his health that was actually caused by exposure to second-hand smoke. Plaintiff states only that he has asthma and that he was required to seek treatment for it while at FCI Marianna (Doc. 31 at 7, 8). However, Plaintiff has failed to allege a causal connection between the smoke exposure and his asthma: he has not alleged that the smoke caused his asthma or that the smoke made his asthma worse.

      Plaintiff has also failed to satisfy the subjective component of the Eighth Amendment analysis. Plaintiff must allege facts showing that *each* Defendant named acted with deliberate indifference, which means that the Defendant had subjective knowledge of a risk of serious harm

and disregarded that risk by conduct that was more than mere negligence. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

Regarding Defendants Raines, Snell, and Bart, Plaintiff alleges that he complained to them about other inmates' disregard of the non-smoking policy. However, according to Plaintiff's complaint, most of his exposure to second-hand smoke occurred when he was not in his unit. Plaintiff does not allege that these three Defendants knew of his other exposure to ETS, that they knew he suffered from asthma, or that they knew of and disregarded a risk of serious harm to Plaintiff's health. Moreover, Plaintiff admits that these three Defendants sought his assistance in enforcing the non-smoking policy, by asking Plaintiff to identify those inmates who were violating it. Nonetheless, even if Defendants failed to enforce the non-smoking policy as alleged by Plaintiff, at most, Plaintiff has established that they were negligent. Mere negligence, however, is insufficient to establish deliberate indifference. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Therefore, Plaintiff has failed to state a claim against Defendants Raines, Snell, and Bart.

Regarding Defendants Barron and Wetzel, Plaintiff has alleged only that they "intentionally violated" Policy Statement 1640.04. However, Plaintiff admits that a smoking policy was in place and that smoking was allowed only outdoors. This fact weighs heavily against Plaintiff's claim of deliberate indifference. In addition, Plaintiff alleges no facts indicating that Defendant Barron or Wetzel knew about Plaintiff's asthma or that they had subjective knowledge of any risk of serious harm to Plaintiff. Thus, Plaintiff cannot hold Defendants Barron and Wetzel liable for violating his Eighth Amendment rights.

Finally, Plaintiff has also failed to state a claim with regard to Defendants Holt and Lappin. Plaintiff apparently seeks to hold them liable on a respondeat superior theory of liability. It is well established that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the

need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff alleges that Defendant Holt, who is employed with the BOP in Atlanta Georgia (*see* Doc. 31 at 2), and Defendant Lappin, who is employed with the BOP in Washington, D.C. (*see id.*), "intentionally violated" Policy Statement 1640.04. However, Plaintiff has stated no specific facts in support of this conclusory allegation. Although Plaintiff has alleged that violations of the policy at FCI (located in Marianna, Florida) were commonplace, he does not allege facts suggesting that Defendants Holt and Lappin were responsible for or aware of widespread policy violations. Plaintiff does not allege that they directed any subordinate to act unlawfully or knew that a subordinate would act unlawfully and failed to stop the subordinate from doing so. Likewise, Plaintiff does not allege the existence of a custom or policy of the BOP or FCI that resulted in deliberate indifference to Plaintiff's constitutional rights. If anything, these Defendants

were aware of the BOP policy that <u>prohibited</u> the conditions of which Plaintiff complains.  Finally, as with the other Defendants, Plaintiff has not alleged that Defendants Holt and Lappin knew about Plaintiff's asthma or that they had subjective knowledge of any risk of serious harm to Plaintiff.  Therefore, Plaintiff's claims against Defendants Holt and Lappin are subject to dismissal.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 29th day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**